# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOTT** ) | |
| ) | |
| **Plaintiff,** *Pro-se,* ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1246 (JDB)** |
| ) | **(Electronic Filing)** |
| **NATIONAL ARCHIVES AND RECORDS** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Defendant, National Archives and Records Administration (NARA), pursuant to Fed. R. Civ. P. 56, moves for summary judgment because there are no material facts in dispute in this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and defendant is entitled to judgment as a matter of law. In support of this motion, defendant respectfully refers the Court to the attached Memorandum of Points and Authorities and defendant's statement of material facts as to which there are no genuine issue.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of

all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).


                    Respectfully Submitted,


                         /s/
                    _____
                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                    United States Attorney


                         /s/
                    _____
                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                    Assistant United States Attorney


                         /s/
                    _____
                    HEATHER D. GRAHAM-OLIVER
                    Assistant United States Attorney
                    Judiciary Center Building
                    555 4th St., N.W.
                    Washington, D.C.  20530
                    (202) 305-1334


                              2

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOTT** ) | |
| ) | |
| **Plaintiff,** *Pro-se*, ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1246 (JDB)** |
| ) | **(Electronic Filing)** |
| **NATIONAL ARCHIVES AND RECORDS** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1. On November 24, 2005, Damon Elliott sent a FOIA request to NARA for blueprints of "all" buildings at the United States Department of Agriculture's Beltsville Agricultural Research Center (BARC). Declaration of James J. Hastings (Decl.) ¶ 6.

2. Upon receipt of Mr. Elliott's request, NARA's Special Access and FOIA Staff logged the request and assigned it number NW-26985. On December 8, 2005, NARA sent a letter to Mr. Elliott informing him that his request was forwarded to the Civilian Records Unit of the Textual Archives Services Division. Id., at ¶ 7, 8.

3. On December 21, 2005, NARA staff member Gene Morris sent a letter to Mr. Elliott explaining that no responsive records were found. Id., at ¶ 10.

4. In a letter dated December 29, 2005, Mr. Elliott sent a letter addressed specifically to Mr. Morris requesting an order form so that he could "break down" his FOIA request and specifically order the blueprints for building 22 at BARC. Mr. Elliott also asked how much it would cost to

reproduce the blueprints for building 22 if NARA is in possession of the documents. Id., at ¶ 11.

5. On January 17, 2006, Mr. Morris sent a letter to Mr. Elliott informing him that NARA staff had again found no responsive records to his request but that his request was being forwarded to the Cartographic and Architectural Records Section. Id., at ¶ 13.

6. On January 30, 2006, a letter was sent to Mr. Elliott explaining that the Cartographic and Architectural Records Section uncovered no responsive records. Id., at ¶ 14.

7. On March 6, 2006, the Cartographic Section received a letter from Mr. Elliott dated February 28, 2006, in which he asked if the Section had access to the blueprints of the buildings within the Department of Agriculture REE-ARS in Beltsville, Maryland, "off of 5601 Sunnyside Ave.," and, if so, how much it would cost to purchase them. Id., at ¶ 15.

8. On March 16, 2006 the Cartographic Section sent a letter to Mr. Elliott explaining that although they found blueprints for the Agricultural Library, they did not find any records that were specifically responsive to his request. If he wished to purchase the blueprints that were found in the Library, he was informed of how to contact a vendor that produces copies for the Cartographic Section. Id., at ¶ 17.

9. On March 23, 2006, Mr. Elliott sent a letter to the Cartographic Section addressed to Ms. Davis. In that letter, he did not request records but explained that he was seeking records to prove the existence, non-existence, or use of building 22 at BARC, because he was convicted of committing a federal crime therein. He did however ask whether Ms. Davis knew of any other resources to which he could address his concerns other than BARC because they had already denied his request. Id., at ¶ 18.

10. In response to Mr. Elliot's letter, the Civilian Records Unit again examined its records

and found several boxes of information regarding the construction of BARC as well as correspondence files related to BARC. A search of these records uncovered no information regarding Building 22. Id., at ¶ 20.

11. On April 20, 2006, the Civilian Records Unit wrote a letter explaining that NARA had found no responsive records and suggesting that Mr. Elliott write to the National Agricultural Library for any published information on Building 22. Id., at ¶ 21.

12. On May 27, 2006, in a letter addressed to NARA FOIA Officer Ramona Oliver, he requested copies of blueprints for building 003 at BARC Mr. Elliott referenced the FOIA request number from his November 2005 request (NW-26985). Id., at ¶ 22.

13. On July 11, 2006, Mr. Elliott filed the instant complaint in the United States District Court for the District of Columbia. Id., at ¶ 24. Thereafter, on August 29, 2006, NARA received two letters from Mr. Elliott entitled "Re: F.O.I.A. Request." One was dated August 22, 2006, and stated his desire to purchase the architectural blueprints of BARC buildings 003 and 023, and asked for information regarding the price if the fee could not be waived. The other letter, dated August 25, 2006, stated his desire to purchase the architectural blueprints of BARC buildings 003, 010, 011A, and 023, and requested a reply. Id., at ¶ 25.

14. NARA's response, dated September 14, 2006, pointed out that in response to Mr. Elliott's initial FOIA request of November 2005 (NW 26985), in which he requested blueprints for all of the buildings located within BARC, he was informed that NARA only had one box of blueprints relating to road construction and not buildings at BARC. NARA further reminded Mr. Elliott that in response to one of his other requests for blueprints of specific buildings located within BARC, NARA's Cartographic Unit informed him that although NARA holds the blueprints of the

National Agricultural Library in Beltsville, Maryland, there are no other records with which to specifically respond to his requests.  Id., at ¶ 26.

15.  In its December 21, 2005, letter NARA sent a letter to Mr. Elliott stating that it did not consider its response a denial under FOIA because NARA did not have the documents Mr. Elliott requested.  Nevertheless, NARA provided Mr. Elliott with information concerning his appeal rights. Id., at ¶ 10.  On June 27, 2006, NARA received a letter from Mr. Elliott, dated June 19, 2006, addressed to the Deputy Archivist.  The "regarding" line of Mr. Elliott's letter states that it is an "appeal" and again referenced the FOIA request number of his November 2005 request (NW 26985).  Id., at 23.  NARA's September 14, 2006 letter again reinforced the point that NARA had no responsive documents.  Id., at ¶ 27.

Respectfully submitted,

/s/
_____
JEFFREY  A.  TAYLOR,  D.C.  BAR  #  498610
United States Attorney

/s/
_____
RUDOLPH  CONTRERAS,  D.C. Bar #  434122
Assistant United States Attorney

4

/s/

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

5

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOTT** ) | |
| ) | |
| **Plaintiff, *Pro-se*,** ) | |
| ) | |
| **v.** ) | Civil Action No. 06-1246 (JDB) |
| ) | (Electronic Filing) |
| **NATIONAL ARCHIVES AND RECORDS** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the National Archives and Records Administration (NARA). As evidenced by the attached declaration of James J. Hastings, in spite of a reasonable search NARA has found no responsive documents. Summary judgment should be granted on behalf of NARA.

### Factual and Procedural Background

The factual and procedural background is fully contained in the statement of material facts to which there is no genuine issue, attached and fully incorporated herein.

### ARGUMENT

**I.     Defendants Are Entitled to Summary Judgment**

**A.     Standard for Summary Judgment**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together

with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises <u>de</u> <u>novo</u> review over FOIA matters, and the burden is on the agency to justify all non-disclosures.

5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989).  In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. <u>Oglesby v. Department of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>see</u> <u>Hayden v. National Security Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. <u>Students Against Genocide v. Department of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (<u>quoting</u> <u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C. Cir. 1978)); <u>see</u> <u>also</u>, <u>Burnes v. CIA</u>, No. 05-242 , U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto).  A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." <u>Burns v. CIA</u>, 2005 U.S. Dist LEXIS 20114; <u>see</u> <u>also</u>, <u>Hayden</u>, 608 F.2d at 1386-87.

Here, summary judgment should be entered in favor of NARA.  A reasonable and adequate search was conducted producing no responsive records.  The declaration of James J. Hastings contains reasonable specificity of detail regarding NARA's search.

**B.    NARA's Search Was Entirely Adequate**

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy itself that all appropriate files have been searched." Church of Scientology v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results." See Burnes v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App. D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982). To fulfill an agency's obligations under FOIA, the agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). But the search need only be reasonable; it does not have to be exhaustive. Miller v. United States Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985). In other words, "[t]he question is not 'whether there might exist any other documents, but rather whether the *search* for those documents was adequate.'" Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). Merely because an agency is unable to find a particular document a requestor believes that it should have, does not render its search inadequate. Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir. 1987).

3

Here, as explained by James J. Hastings, Director of Access Programs for the Office of Records Services in Washington D.C., a reasonable, diligent, and adequate search was conducted. Extensive and repeated file searches were carried out by NARA. Hastings Decl. ¶ 1. These searches were conducted in good faith and were reasonably calculated to uncover all responsive documents. Hastings Decl. ¶¶ 5, 7, 9, 10, 12 - 21, and 28.

## CONCLUSION

For the foregoing reasons, specifically because NARA conducted an adequate search, it respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff *Pro se*

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Damon Elliott
#31034-037
F.C.C. USP-2
Post Office Box 1034
Coleman, Florida 33521


on this 10th day of October  2006.



/s/

_____

HEATHER GRAHAM-OLIVER
Assistant United States Attorney