UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT                )<br>                              )<br>    Plaintiff, *Pro-se*,     )<br>                              )<br>    v.                        )<br>                              )<br>NATIONAL ARCHIVES AND RECORDS )<br>ADMINISTRATION,               )<br>                              )<br>    Defendant.                )<br>                              ) | Civil Action No. 06-1246 (JDB)<br>(Electronic Filing) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

Defendant, National Archives and Records Administration (NARA), by and through counsel, hereby replies to Plaintiff's Opposition to NARA's Motion for Summary Judgment. Plaintiff has raised no legally sufficient challenge to the grounds for summary judgment other than to question whether the use of the word "appears" in NARA's December 21, 2005 response meant that NARA is not "positively sure that all blueprints relate to road construction and surfacing." See Plf's Opposition at p. 2 - 4; and Exhibit "B" to the Declaration of James J. Hastings. However, a motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists. See Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998). Accordingly, Defendant's Motion for Summary judgment should be granted.

**ARGUMENT**

NARA found 11 boxes of potentially responsive material, one (1) box of which contained blueprints. Hastings Decl. ¶ 9. However, those blueprints related to road construction and

surfacing, not buildings. Id. NARA has indicated that its holdings do not include the specific blueprints that Mr. Elliott requested. Id. In spite of this and in the interest of ensuring that the record is clear with respect to the adequacy of NARA's search for responsive documents, Assistant General Counsel Jeffrey A. Landou, along with a NARA staff member, opened and looked at every blueprint in the one box located that held blueprints. Declaration of Jeffrey Landou, ¶ 4. Again, none of the blueprints in that box relate to the construction of buildings. Id. All of them relate to road construction and surfacing. Id. Moreover, NARA also looked through the other 10 boxes for blueprints. Id. One blueprint was located, but it too relates only to road construction and surfacing. Id.

Plaintiff also asserts that the government "fabricated" Exhibit E of the Hastings declaration because it refers to Plaintiff having sent NARA an e-mail (plaintiff apparently does not have access to e-mail). Plf's Opposition at 3. That reference, although erroneous, is a simple administrative error made while responding to Plaintiff's December 29, 2005, letter to NARA. Id., at 5. The substance of the letter that NARA is unable to locate any blueprints for Building 22 of the Beltsville Agricultural Research Center (BARC), is accurate. See Exhibits C and E of the Hastings Declaration.

**CONCLUSION**

For the foregoing reasons, specifically because NARA conducted an adequate search, it respectfully requests that its motion for summary judgment be granted.

                                          Respectfully submitted,

                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney


        HEATHER D. GRAHAM-OLIVER
        Assistant United States Attorney
        Judiciary Center Building
        555 4th St., N.W.
        Washington, D.C. 20530
        (202) 305-1334

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing Reply was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Damon Elliott
#31034-037
F.C.C. USP-2
Post Office Box 1034
Coleman, Florida 33521


on this 17th day of November, 2006.

                                                                /s/
                                        _____
                                        Heather Graham-Oliver