IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT ) | |
| ) | |
| Pro-se Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1246 (JDB) |
| ) | (Electronic Filing) |
| NATIONAL ARCHIVES AND RECORDS ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DECLARATION OF JEFFREY A. LANDOU

I, Jeffrey A. Landou, do declare:

1. I am presently employed as an Assistant General Counsel in the Office of General Counsel for the National Archives and Records Administration (NARA), located at 8601 Adelphi Road, College Park, Maryland. As Assistant General Counsel I provide legal services as needed, including assisting the Department of Justice defend the government against lawsuits. I have been employed in this capacity since January 1997. The statements made herein are based upon my personal knowledge, and upon information and belief accrued in the course of performing my official duties, including information obtained from NARA staff.

2. I have been assisting the Department of Justice defend NARA in the above captioned case. The Government filed a Motion for Summary Judgment on October 10, 2006. Plaintiff's Response, filed October 30, 2006, questioned whether the use of the word "appears" in the Agency's December 21, 2005 response to his November 24, 2005 Freedom of Information Act request (NW-26985) means that NARA is not "positively

sure that all blueprints relate to road construction and surfacing." Plaintiff Response at pp. 2 -4.

3.   The Declaration filed by NARA official James J. Hastings on October 10, 2006, explained that NARA's Civilian Records Unit of the Textual Archives Services Division searched for material relating to the construction of the Beltsville Agricultural Research Center (BARC), and found 11 boxes of potentially responsive material, but only one of those boxes contained blueprints. Mr. Hastings further explained, with reference to correspondence between NARA and Plaintiff, that those blueprints related to road construction and surfacing, not buildings; that the documents Plaintiff sought were most likely with the Department of Agriculture; and that he could purchase any portion of those blueprints NARA held. In response to Plaintiff's narrowing of his request for blueprints related to Building 22 at BARC, NARA searched again, this time also reaching out to its Cartographic and Architectural Records Section, and once again informed him that no responsive records had been located. Further correspondence resulted in subsequent searches, with nothing responsive being located. Hastings Declaration at ¶¶ 9 - 21.

4.   In the interest of ensuring that the record is clear with respect to the adequacy of NARA's search for responsive documents, I, along with a NARA staff member, opened and looked at every blueprint in the one box located that held blueprints. None of them relate to the construction of buildings. All of them relate to road construction and surfacing. Moreover, we also looked through the other 10 boxes for blueprints. One blueprint was located, but it too relates only to road construction and surfacing.

5.    Plaintiff also asserts that the government "fabricated" Exhibit E of the Hastings Declaration because it refers to Plaintiff having sent NARA an email (Plaintiff apparently does not have access to email). Plaintiff Response at 3. That reference, which is erroneous, is a simple administrative error made while responding to Plaintiff's December 29, 2005 letter to NARA. The substance of the letter, that NARA is unable to locate any blueprints for Building 22 of the BARC, is accurate. Hastings Declaration Exhibits C and E.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed November 17, 2006.

_____
JEFFREY A. LANDOU