UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT,<br><br>   Plaintiff,<br><br>   v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,<br><br>   Defendant. | Civil Action No. 06-1246 (JDB) |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. Having considered the motion, plaintiff's opposition, and the record of this case, the Court will grant summary judgment for defendant.

I.   BACKGROUND

In November 2005, plaintiff submitted a request under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the National Archives and Records Administration ("NARA"). Compl. at 1. He sought a "copy of the Architecture Blue-print on (ALL) the Building that was constructed within/on the Beltsville Agricultural Research Center in Beltsville, Maryland." Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Def.'s Mot."), Declaration of James J. Hastings ("Hastings Decl."), Ex. A (November 24, 2005 FOIA request) (emphasis in original). Although staff of the Civilian Records Unit of the Textual Archives Services Division located 11 boxes of records, including one box of blueprints, pertaining to the construction of the Beltsville Agricultural Research Center ("BARC"), it

-1-

"appear[ed] that all of the blueprints relate to road construction and surfacing." Hastings Decl., Ex. B (December 21, 2005 letter from G. Morris, Civilian Records, Textual Archives Services Division, NARA).

Plaintiff responded by narrowing his request to "<u>Architectural Blue-prints on Building 22 within the Beltsville Agricultural Research Center in Beltsville, Md. 20705</u>." Hastings Decl., Ex. C (November 29, 2005 letter to G. Morris) (emphasis in original).  After a second search yielded no responsive records in the Textual Archives Services Division, staff forwarded plaintiff's request to NARA's Cartographic and Architectural Records Section of the Special Media Archives Services Division.  *Id.* ¶¶ 12-13 & Ex. D (January 17, 2006 letter from G. Morris).  A search of that section's records did not yield blueprints of BARC's Building 22.  *Id.* ¶ 14 & Ex. E (January 30, 2006 letter from P. Dyson).

Plaintiff demands disclosure in full of the records he requested, "including the 1 box of blueprints" located in NARA's initial search.  Compl. at 2.

## II.  DISCUSSION

### *A.  Summary Judgment Standard*

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA.  *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  The Court may award summary judgment solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically

falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### B. NARA's Searches for Responsive Records Were Adequate

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).  The agency is obligated to make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (citing *Weisberg*, 745 F.2d at 1485).  An agency may meet its burden by providing an affidavit or declaration which sets forth "the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003)

---

[1] In support of its summary judgment motion, defendant submits the declarations of James J. Hastings and Jeffrey A. Landou.  Mr. Hastings is the Director of Access Programs for NARA's Office of Records Services.  Hastings Decl. ¶ 1.  In this capacity, he is "responsible for public access to all of the textual and special media records in the National Archives in the Washington, DC area." *Id.*  Mr. Hastings is "familiar with the system and procedures with NARA and documents held by it," and is responsible for "determining the status of Federal records, identifying and describing the records, and making them available to the public." *Id.* ¶ 2.  He makes his declaration based on his personal knowledge and on information obtained in the course of performing his official duties. *Id.* ¶ 3.

Mr. Landou is the Assistant General Counsel in NARA's Office of the General Counsel.  Landou Decl. ¶ 1.  He provides legal services as needed, "including assisting the Department of Justice defend the government against lawsuits," including the instant civil action. *Id.* ¶¶ 1-2.  He states that he and another staff member "opened and looked at every blueprint" in the one box located in NARA's initial search. *Id.* ¶ 4.

(citing *Valencia-Lucena*, 180 F.3d at 326).

                1.  <u>NARA's Searches in Response to Plaintiff's FOIA Request<br>and Subsequent Correspondence</u>

NARA's Special Access and FOIA Staff receive and process FOIA requests initially. Hastings Decl. ¶ 5. Each request is logged into a tracking system and is referred to the appropriate unit within the agency. *Id.* A staff member in that unit who works with the type of records requested is assigned to the request. *Id.* That person is responsible for searching NARA's holdings "using finding aids, often indexes or other paper documents that were provided by an agency with its records or created by NARA." *Id.*

Because plaintiff's FOIA request (Request No. NW-26985) pertained to textual records of a non-military agency, Special Access and FOIA Staff referred it to the Civilian Records Unit of the Textual Archives Services Division. Hastings Decl. ¶ 7. Staff located eleven boxes of records pertaining to construction of BARC. *Id.* ¶ 9. Only one of those boxes contained blueprints, but the "blueprints related to road construction and surfacing, not buildings." *Id.* Concluding that the unit did not maintain the records plaintiff requested, staff notified plaintiff of the results of the search. *Id.* ¶ 10.

Upon receipt of plaintiff's narrowed request for blueprints of BARC's Building 22 only, staff again searched the box of blueprints, but found none pertaining to Building 22. Hastings Decl. ¶¶ 11-12. "In an effort to be as attentive as possible to [plaintiff']s request, NARA staff also forwarded [his] request directly to NARA's Cartographic and Architectural Records Section of the Special Media Archives Services Division." *Id*. ¶ 12. A search of that section's holdings did not yield blueprints of BARC's Building 22. *Id.* ¶ 14.

On February 28, 2006, plaintiff sent a letter directly to the Cartographic and Architectural Records Section requesting copies of "(ALL) the Buildings that was [sic] constructed within the U.S. Dept. of Agriculture REE-ARS in Beltsville, Md., off of 5601 Sunnyside Ave." Hastings Decl., Ex. F (February 28, 2006 letter to "Cartographic Unit"). Staff searched the section's records again, finding "blueprints of the National Agricultural Library in Beltsville, Maryland, but no blueprints relating to such buildings located on Sunnyside Avenue," *id.* ¶ 16, and notified plaintiff of this result by letter. *Id.* ¶ 17 & Ex. G (March 16, 2006 letter from K. Davis). On March 23, 2006, plaintiff sent a letter directly to Ms. Davis explaining his need for "any kind of Records/Documents that will prove the existance [sic], or non existance [sic] of Building 22, and/or will prove what is building 22." *Id.*, Ex. H (plaintiff's March 23, 2006 letter to K. Davis). Ms. Davis forwarded plaintiff's letter to the Civilian Records Unit, the staff of which "again examined the finding aids and found several boxes of information regarding the construction of BARC within the records of the Office of the Secretary of Agriculture." *Id.* ¶ 20. Staff searched not only these records but also correspondence maintained by the Bureau of Plant Industry, Soils, and Agricultural Engineering related to BARC. *Id.* None of these records pertained to BARC's Building 22. *Id.* ¶¶ 20-21 & Ex. I (April 20, 2006 letter from Textual Archives Services Division).[2]

---

[2] Plaintiff sent a letter to NARA's FOIA Officer requesting copies of blueprints for BARC's Building 003. Hastings Decl. ¶ 22 & Ex. J (May 27, 2006 letter to R. Oliver, Office of General Counsel, NARA). His letter referenced his initial FOIA request, which had been assigned Request No. NW-26985. *Id.* In addition, plaintiff sent a letter addressed to NARA's Deputy Archivist referring to the many FOIA requests he had submitted. *Id.* ¶ 23 & Ex. K (June 19, 2006 letter to Deputy Archivist). This letter evidently was intended to be an administrative appeal of NARA's initial determination regarding Request No. NW-26985. *See id.* NARA did not respond further, however, because plaintiff had filed this civil action by then. *Id.* ¶ 27.

2. <u>Plaintiff's Challenge to the Adequacy of NARA's Searches</u>

The record shows that NARA's initial search yielded 11 boxes of records pertaining to BARC, one of which was a box of blueprints. Hastings Decl. ¶ 9. NARA's written response states that "[i]t appears that all of the blueprints relate to road construction and surfacing." *Id.*, Ex. B. Plaintiff takes exception to the word "appears," and is not "positively sure that all blueprints relate to road construction and surfacing." Pl.'s Opp'n at 2. He seeks clarification as to "whether all blueprints relate to road construction and surfacing, or 'appears' to relate to road construction and surfacing." *Id.* at 3.

"In the interest of ensuring that the record is clear with respect to the adequacy of NARA's search for responsive documents," yet another search of the blueprints was conducted. Landou Decl. ¶ 4. NARA's Assistant General Counsel and another staff member "opened and looked at every blueprint in the one box located that held blueprints. None of them relate to the construction of buildings. All of them relate to road construction and surfacing." *Id.* In addition, these individuals "looked through the other 10 boxes for blueprints," but the sole blueprint found related "only to road construction and surfacing." *Id.*

Having reviewed defendants' declarations, the Court concludes that NARA's searches were "reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325. These declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Serv., Inc. v. Securities and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)). The fact that NARA did not locate responsive records is not dispositive. An agency's

search is not presumed unreasonable because it fails to find all the requested information. *See Steinberg*, 23 F.3d at 551 (the question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986). Furthermore, plaintiff fails to meet his evidentiary burden in challenging the adequacy of the NARA searches. He must present evidence rebutting the agency's initial showing of a good faith search, and he utterly fails to do so here. *See Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983).

### III.  CONCLUSION

Defendant has conducted adequate and reasonable searches for records responsive to plaintiff's FOIA request and has demonstrated its compliance with FOIA. Accordingly, the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
JOHN D. BATES
United States District Judge

Date:  December 21, 2006